CLARENCE E. McMANUS, Judge.
| ¡¿Plaintiff, Jackie Duncan, now appeals the trial court’s granting of Dr. Frederic Querens’ exception of prescription and dismissal of her claims with prejudice. For the following reasons, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

Plaintiff, Jackie Duncan, had braces placed on her teeth by Dr. Frederic Quer-ens in August 1987. The braces remained on her teeth for thirteen years. In April 2000, her regular dentist referred her to another orthodontist. On May 1, 2000, Duncan sought a second opinion from Dr. Hector Maldonado. Dr. Maldonado performed testing to determine the injuries she had sustained due the her braces remaining on her teeth for an extended amount of time.
On May 1, 2001, Duncan filed a request for a medical review panel regarding the alleged malpractice of Dr. Querens. The *539 medical review panel issued an opinion and reasons on December 3, 2009. Copies were sent to the | ¡¡parties by certified mail. Duncan received the opinion, through her counsel, on February 6, 2010.
On May 19, 2010, Duncan filed a petition for damages against Dr. Querens seeking damages for his negligence. In her petition, Duncan states that she sought a second opinion from Dr. Maldonado on May 1, 2000. In response to this petition, Dr. Querens filed an exception of prescription arguing there was no time remaining on the one year prescriptive period after the medical review panel request was filed, so Duncan only had ninety days from the receipt of the medical review panel opinion to file her petition. Duncan’s counsel received the opinion February 6, 2010, so Dr. Querens contends she had until May 7, 2010 to file her petition. Duncan’s petition was not filed until May 19, 2010. Therefore, Dr. Querens argued the petition was prescribed.
Duncan did not file a memorandum in opposition to the exception of prescription. She requested a continuance of the original hearing date, but still failed to file an opposition or any exhibits prior to the hearing. A hearing was held on the exception of prescription on August 18, 2010. At the hearing, Duncan attempted to testi-' fy, however, Dr. Querens’ objected and the trial court ruled that it would not allow the testimony at the hearing because no opposition had been filed and defense counsel had no notice. Duncan’s counsel did argue in opposition of the exception that Duncan did not receive a second opinion until August 21, 2000, when she went to Dr. Maldonado and he explained the damages, options, and course of treatment. Thus, Duncan argued she did not have actual knowledge of specific damages until August 21, 2000, so she had until August 21, 2010 to file her petition for damages. The trial court executed a judgment on August 18, 2010, granting the exception of prescription and dismissing all claims of Duncan, with prejudice.
|4Puncan now appeals this judgment arguing the'petition is not prescribed on its face and Dr. Querens has not met his burden of proving it is prescribed on its face. Also, Duncan argues she should have been able to testify and to introduce evidence to support her opposition of the exception at the hearing. For the reasons which follow, we affirm the trial court’s granting of the exception of prescription and dismissal of all Duncan’s claims.

DISCUSSION

Prescription in this medical malpractice case is governed by LSA-R.S. 9:5628(A) and provides as follows:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Further, LSA-R.S. 40:1299.47(A)(2)(a) provides that “[t]he filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified *540 mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel ...” Thus, the petition for damages must be filed one year from the date of the discovery of the alleged act, but the prescriptive period is temporarily suspended once the medical malpractice claim is submitted to the medical review panel. Prescription then begins to run again ninety days after the plaintiff has received notice of the medical review panel’s decision.
1 .JDuncan’s petition stated she sought a second opinion from Dr. Maldonado on May 1, 2000. This is Duncan’s only reference to the date of discovery of the alleged malpractice and the injuries she suffered due to the braces placed on her teeth by Dr. Querens. The request for a medical review panel was filed May 1, 2001, exactly one year after she states she sought her second opinion. Duncan then received the medical review panel opinion on February 6, 2010. Thus, in accordance with LSA-R.S. 40:1299.47(A)(2)(a), prescription began to run again ninety days after February 6, 2010, or on May 7, 2010. Since the request for the medical review panel was filed exactly one year after discovery of the alleged malpractice, Duncan had no time remaining once the suspension of prescription ended. Therefore, Duncan had to file her petition for damages by May 7, 2010. Her petition was not filed until May 19, 2010. Thus, we agree with the trial court and find the petition for damages was prescribed on its face.
Additionally, Duncan argues on appeal that the trial court erred in not considering the medical records she attempted to introduce at the hearing and in not allowing her to testify at the hearing. At the hearing and on appeal, Duncan argues she did not have knowledge of the injuries she had sustained until August 12, 2000, when Dr. Maldonado met with her to discuss the results of the diagnostic testing. However, this date does not appear in Duncan’s petition. At the hearing on the exception of prescription, Duncan claims she attempted to introduce into evidence copies of her dental records from Dr. Maldonado, including the contract she signed on August 12, 2000. The trial court would not accept these exhibits, nor allow Duncan to testify because she had failed to submit an opposition memorandum to the trial court. Uniform District Court Rule 9.9 provides that parties who fail to submit an opposition memo to the trial court and other parties eight days before the hearing may forfeit the privilege of oral argument. In this | ficase, the trial court allowed Duncan’s counsel to orally argue in opposition of the exception, but would not allow Duncan to testify at the hearing because defense counsel had no notice. We find the trial court correctly refused to allow Duncan to testify or present evidence at the hearing on the exception due to her failure to comply with the district court rules and file an opposition to the exception.
Duncan has also attached exhibits to her appellee brief to this Court, including portions of her dental records from Dr. Maldonado that she attempted to introduce at the trial court hearing. In response, Dr. Querens has filed a motion to strike exhibits A, B, and C, arguing these exhibits were not made part of the trial court record and cannot be presented for the first time on appeal. We agree with Dr. Querens and grant the motion to strike. These exhibits are not part of the trial court record and were not considered on appeal.
Accordingly, we affirm the trial court’s granting of the exception of prescription and dismissal of Duncan’s claims.

*541
AFFIRMED; MOTION TO STRIKE GRANTED